IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRANCE TERRELL BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1544-X-BN |
| | § | |
| ZENITH INTERNATIONAL BANK PLC | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Terrance Terrell Brown, proceeding *pro se*, filed this lawsuit against Zenith International Bank PLC and Ebenezer Onyeagwu for breach of contract related to $10.5 million purportedly owed to Brown. *See* Dkt. Nos. 3, 8. United States District Judge Brantley Starr referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Brown leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 6. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice on the basis of sanctions imposed by the United States District Court for the Western District of Louisiana.

**Applicable Background**

As a prisoner in the Louisiana state prison system, Brown filed multiple actions and appeals in the United States District Court for the Western District of

Louisiana that were dismissed as frivolous. *See, e.g.*, *Brown v. Hill*, No. 11-30111 (5th Cir. Aug. 9, 2011) (summary calendar); *Brown v. Noel*, No. 3:10-cv-0479 (W.D. La. July 2, 2010); *Brown v. State of Louisiana*, No. 3:10-cv-1618 (W.D. La. Jan. 14, 2011); *Brown v. Police Dep't, City of West Monroe*, No. 3:11-cv-0526 (W.D. La. July 13, 2011). He also was given a warning for attempting to perpetrate a fraud on the court in his IFP application by omitting information about prior litigation to avoid the three strikes provision. *See Brown v. Tigner*, No. 3:12-cv-2853, 2013 WL 395651 (W.D. La. Jan. 31, 2013). And he ultimately had $500 in monetary sanctions imposed against him for making the same false representations. *See Brown v. Sumlin*, No. 5:12-cv-2828 (W.D. La. Apr. 22, 2014).

After Brown was no longer a prisoner, he filed another civil action, and the Western District of Louisiana dismissed the case because the sanction remained unpaid and ordered that the clerk not accept any filings from Brown until he paid the $500 sanction. *See Brown v. Hall*, No. 5:19-cv-383 (W.D. La. Apr. 5, 2019).

Brown has now apparently moved to Dallas and filed three lawsuits (including this one) in this Court in June and a fourth in August, all alleging claims relating to money purportedly owed him by various banks. *See Brown v. JP Morgan Chase Bank*, No. 3:25-cv-1462-S-BK, 2025 WL 2470210 (N.D. Tex. July 31, 2025), *rec. accepted*, 2025 WL 2468207 (N.D. Tex. Aug. 26, 2025) (dismissing for lack of subject-matter jurisdiction complaint alleging JP Morgan Chase Bank and other defendants owed Brown $25.5 million); *Brown v. Afr. Dev. Bank Grp.*, No. 3:25-cv-1679-G-BW (N.D. Tex.) (alleging $18 million owed to him; magistrate recommendation to dismiss on

basis of prior sanction order and bar Brown from filing future actions entered Oct. 17, 2025); *Brown v. JP Morgan Chase Bank*, No. 3:25-cv-2096-X-BW (N.D. Tex.) (refiling prior lawsuit seeking $25.5 million that was dismissed without prejudice for lack of subject-matter jurisdiction).

## Legal Standards and Analysis

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas Cty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Courts may also enforce "outstanding sanction orders of sister courts" within and outside their circuit. *See Schmidt v. Van Buren*, 243 F. App'x 803, at *1-2 (5th Cir. 2007) (unpublished per curiam) (upholding the enforcement of a sanction order from a district court outside the Fifth Circuit); *Dominguez v. Scott*, 265 F.3d 1058, 2001 WL 872771, at *2 (5th Cir. July 5, 2001) (unpublished) (upholding the enforcement of a sanction order from a Texas district court); *see also Tepe v. Internal Revenue Service*, No. 3:24-CV-1280-L-BK, 2024 WL 3731624, at *2 (N.D. Tex. July 2, 2024) (collecting cases and enforcing sanction order from the Eastern District of Tennessee), *rec. accepted*, 2024 WL 3732474, at *1 (N.D. Tex. Aug. 7, 2024); *Sheehan*

*v. State of Tex.*, No. 3:05-cv-1318-K, 2005 WL 2036686, at *1 (N.D. Tex. Aug. 17, 2005) ("The proper administration of justice requires that courts [honor sanctions orders imposed by other federal courts as] to prisoner and nonprisoner litigants alike." (citations omitted)).

Therefore, the Court should honor the sanctions previously imposed against Plaintiff Terrance Terrell Brown and dismiss this action without prejudice to his ability to re-file it only after paying the sanction in the United States District Court for the Western District of Louisiana and obtaining leave from a district judge of this Court.

### Recommendation

The Court should dismiss this action without prejudice on the basis of sanctions imposed by the United States District Court for the Western District of Louisiana.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 21, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE